**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SOUTH LOUISIANA ETHANOL, LLC                CIVIL ACTION

VERSUS                                      NO. 12-00379

ERIC JACOB MESSER, ET AL                    SECTION "B"(4)

**ORDER AND REASONS**

Before the Court is Third Party Defendant ENGlobal, U.S., Inc.'s ("ENGlobal") Motion to Dismiss the Third-Party Demand of 1 Fireman's Fund Insurance Company("Fireman's Fund") (Rec. Doc. No. 12), opposed by Fireman's Fund.(Rec. Doc. No. 13). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

On August 25th, 2009, South Louisiana Ethanol, LLC ("SLE") filed for Chapter 11 bankruptcy, followed by a ranking suit[1] to determine the priority of its creditors. In the suit, ENGlobal Engineering, Inc. ("EEI") and ENGlobal Construction Resources, Inc. ("ECR")[2], were both named as creditors, and on October 26th, 2010, the Court approved a settlement agreement resolving the claims of various creditors, including EEI and ECR (Rec. Doc. No. 13-3)[3]. Following the settlement, the Court also approved SLE's disclosure statement (Rec. Doc. 403)[4], which was served on EEI and ECR, and

---

[1] Adversary Proceeding No. 09-01119.
[2] Instant Third Party Defendant, ENGlobal, is successor-in-interest to both EEI and ECR.
[3] Also located in the record as Case No. 09-12676 (Rec. Doc. No. 235).
[4] Case No. 09-12676.

confirmed SLE's Chapter 11 Bankruptcy Plan (Rec. Doc. No. 13-1).

On May 5th, 2011, after approval of the bankruptcy plan, SLE filed a complaint against Fireman's Fund, insurer of Precision Combustion Technology, LLC ("PCT"), seeking reimbursement for insured losses on equipment owned by SLE that was allegedly misappropriated or abandoned by PCT. The complaint rests on SLE's contracts for engineering work with EEI and ECR (now ENGlobal) and EEI and ECR's subcontracts with PCT, which allegedly incorporated the terms of the original contracts between SLE, EEI, and ECR by reference. (Rec. Doc. No. 1).[5]

Consequently, Fireman's Fund filed a third party complaint against ENGlobal, alleging that if Fireman's Fund was liable to SLE, then Fireman's Fund can seek recovery from ENGlobal through subrogation of the claim that SLE would have against EEI and ECR (now ENGlobal) under the original contract. ENGlobal has now filed the instant motion to dismiss the third party complaint.

ENGlobal contends that this Court lacks subject matter jurisdiction to consider the third party claim because Fireman's Fund lacks standing to assert the Third Party Demand. Specifically, ENGlobal argues that the claim Fireman's Fund seeks to assert was not preserved in the confirmed bankruptcy plan. ENGlobal urges that SLE did not preserve the equipment misappropriation/conversion claim in the bankruptcy plan, and thus SLE does not have standing

---

[5] Case No. 11-01039.

2

to bring the claim before the court. ENGlobal also urges that if the claim was not preserved by the bankruptcy plan, then it is now barred by the doctrine of res judicata and can no longer be brought. Secondly, ENGlobal asserts that, under the October 26th, 2011 settlement plan, SLE released ENGlobal from any further claims, eliminating the possibility of SLE preserving claims against ENGlobal in the bankruptcy plan. (Rec. Doc. No. 12-1 at 3).

Fireman's Fund contends that SLE's claim against ENGlobal was preserved in the bankruptcy plan and that the settlement agreement between ENGlobal and SLE did not release ENGlobal from any claims. Therefore, Fireman's Fund argues, there is a potential valid claim from SLE against ENGlobal that Fireman's Fund can subrogate, giving Fireman's Fund standing to make the Third Party Demand.

**I. Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), if a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required. Fed.R.Civ.P. 12(b)(1). In other words, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Standing is one element of the constitutional power to adjudicate a case, and is "based mainly on the case-or-controversy requirement found in Article III of the United States

Constitution." National Hous. Exch. v. Villarrubia, No. 95-3745, 1997 U.S. Dist. LEXIS 6350, at *9 (E.D. La. May 1, 1997). Therefore, "[s]ince plaintiff[s] must satisfy the case or controversy requirement of Article III to properly invoke the court's jurisdictional powers, standing must be resolved as a preliminary matter." Lewis v. Knutson, 699 F.2d 230, 237 (5th Cir. 1983). A party seeking to invoke jurisdiction has the burden of proving its existence, so the burden is on the plaintiff to establish standing to bring the claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**II. Preservation of SLE's Claim**

Upon confirmation of a Chapter 11 Bankruptcy Plan, the debtor estate ceases to exist and therefore loses the ability to pursue claims that the estate possessed pre-confirmation. *In re United Operating, L.L.C.*, 540 F.3d 351, 355 (5th Cir. 2008). An exception to this rule exists under 11 U.S.C. § 1123(b)(3), which allows a reorganized debtor to bring a claim that belonged to the pre-confirmation debtor, provided that the claim was preserved in the confirmed bankruptcy plan. *Id.* "For a debtor to preserve a claim, the plan must expressly retain the right to pursue such actions." *Id.* at 355 (internal quotation marks omitted). Furthermore, because the purpose of preserving claims is to give creditors notice of the estate's potential benefits and liabilities, "[t]he reservation must be specific and unequivocal." *Id*. A statement preserving a

4

claim need not, however, be as specific as to name particular defendants. *Id*. Rather, the Fifth Circuit has approved of "categorical reservations of claims" in place of itemized reservation of individual claims. *Id.* Additionally, courts may consider the contents of both the confirmed plan itself and the disclosure statement to determine if a claim has been preserved. *Spicer v. Laguna Madre Oil and Gas, L.L.C. (In re Texas Wyoming Drilling, Inc.),* 647 F.3d 547, 551(5th Cir. 2011).

In the instant case, the relevant statements are listed in the "Preservation of Causes of Action" portion of SLE's approved disclosure statement, preserving SLE's rights to:

> ii). Prosecute and/or defend any claims of third parties who were custodians of SLE's equipment or attachments thereto who may have damaged and/or sold these movables, without permission and consent of SLE.
>
> and
>
> vii). Causes of action relating to equipment formerly in possession or control of Precision Combustion Technology, LLC or Agrico.

(Rec. Doc. No. 13-2 at 44). A plain reading of the disclosure statement reveals SLE has preserved a claim with regard to misappropriation or conversion of equipment. ENGlobal contends, however, that SLE did not preserve this claim *against ENGlobal*.

ENGlobal's argument fails for two reasons. First, the Bankruptcy Court has previously held that "the retention of rights [contained in the above quoted portion of the disclosure] was

5

sufficient to put SLE's creditors on notice of the claims SLE planned to pursue" with regard to the same claim that ENGlobal has been brought into as a Third Party Defendant. (Rec. Doc. No. 75 at 4)[6]. The Court, therefore, has already determined that the "specific and unequivocal" requirement for claim preservation has been met with regard to the misappropriation/conversion of equipment claim.

Second, in light of 5th Circuit precedent, there is no requirement for SLE to specify all defendants against whom the claim is preserved. *E.g.*, *In re United Operating,* 540 F.3d at 355; *In re Texas Wyoming Drilling, Inc.,* 647 F.3d at 551,552. ECI and ECR, as creditors of SLE, were served with the disclosure statement that contained a "specific and unequivocal" preservation of the equipment claim. The claim is therefore preserved, and the argument that the claim is not preserved with regard to ENGlobal as a specific defendant is inapposite.

ENGlobal also contends that because SLE's claim was not preserved in the bankruptcy plan and disclosure statement, the third party demand should be barred by the doctrine of res judicata. However, because this Court finds that the claims were preserved by the plan, the issue of Res Judicata in the instant case is moot. "Res judicata does not apply where a claim is expressly reserved by the litigant in the earlier bankruptcy

---
[6] Case No. 11-1039.

proceeding." *Ries v. Paige (In re Paige),* 610 F.3d 865, 875 (5th Cir. 2010) (quoting *Browning v. Levy*, 283 F.3d 761, 774 (6th Cir. 2002)).

**III. Release of ENGlobal**

ENGlobal also asserts that the disclosure statement can not be read to include a claim by SLE against ENGlobal, successor-in-interest to EEI and ECR, because SLE released EEI and ECR from any claims when all three parties participated in the September 21st, 2010 settlement agreement. The Order Approving and Enforcing Settlement Agreement contains a series of emails regarding the terms of the settlement agreement, and contains the following language on the release of specified claims:

(1) "Englobal would relinquish any other claims against SLE." (Rec. Doc. 235 at 6).

(2) "The recovery of ENGlobal and its subsidiaries...would be capped or limited to $8,000,000 and ENGlobal would relinquish any other claim against SLE;" *Id.* at 7.

(3) "J&C welding and IPT would agree that whatever recovery that was negotiated by ENGlobal and its subsidiaries would include their recovery and would relinquish all claims against SLE." *Id.*

(4) "ENGlobal will be responsible for resolving the claims of J&C Welding and IPT, out of the proceeds of ENGlobal's recovery from the sale of assets. ENGlobal will not be responsible for the claims of Benchmark Broad USA, CNS, RB Ethanol or Whitney Bank."

7

*Id.* at 10.

A plain reading of the entirety of the settlement agreement, including the excerpts outlined above, reveals that there is no language releasing ENGlobal from claims. ENGlobal plainly released SLE, but there is no language in the document reciprocating that release. ENGlobal, therefore, offers no actual evidence that it has been released from claims. While the oddity of this result is obvious, and perhaps there was an intent to release SLE's claim against ECI and ECR, that intent was not clearly and unambiguously expressed in the written documents above.

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this 25th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE